## W. C. WOOLEY v. STATE.

No. A-7672.   Opinion Filed Jan. 31, 1931.
(295 Pac. 626.)

Frank Hickman, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The petitioner in error, for convenience hereinafter referred to as the defendant, was convicted upon a charge of larceny of an automobile and was sentenced to imprisonment in the state penitentiary for a term of 20 years. Motion for a new trial was filed, considered, overruled, objections saved, and the defendant has appealed.

The evidence, in substance, on the part of the state shows that Charles W. Morris, on the 13th day of February, 1929, parked his automobile on a public street in the city of Tulsa, in the evening while he attended a picture show. The automobile was taken, and about 50 days thereafter was found in the possession of the defendant. At the time this car was stolen it had a Kansas registration tag on it; when it was recovered it had on it an Arkansas registration tag.

The prosecuting witness did not see any one steal his car, and there is no positive testimony showing who did

drive the car away from where the prosecuting witness had parked it. When the car was found the defendant was in it in the city of Tulsa. The defendant was arrested and taken to the police station and tried to make his escape, but was caught and taken to prison.

The record further shows that at the time of the defendant's arrest a man and woman were arrested as they came up to the car in which the defendant was sitting. The man who was arrested with the defendant gave the name of Louie Humphries and testified as a witness for the state, stating that the defendant was driving this Hudson car when he and his woman friend were picked up by the defendant a short time prior to their arrest. Humphries stated the defendant had told him a few hours before his arrest that the Hudson car had been in a garage at Little Rock, Ark.

The defense was an alibi. The defendant did not testify. Several errors were assigned by the defendant alleged to have been committed by the court in the trial of his case.

The first error argued by the defendant is: "The evidence in this case is insufficient to support the verdict and judgment."

The defendant contends that the only evidence on the part of the state tending to show his guilt is the possession of the automobile some 50 days after the theft, considered in connection with his failure to explain his possession. Under the law possession of recently stolen property unexplained is a circumstance that may be considered by the court and jury tending to show the guilt of the defendant. The testimony further tends to show that when this car was stolen it had a Kansas registration tag on it, and when recovered the car had an Arkansas license tag,

which tag was shown to have been issued for a Nash coupe that was stolen from Little Rock, Ark. The defendant had been seen driving a Nash car in Tulsa prior to the date of his arrest. Recently stolen property is not necessarily conclusive of the guilt of the defendant, but where the defendant offers no explanation as to how he came into the possession of the car it may be considered as a circumstance tending to show the guilt of the defendant. The testimony contained in the record is sufficient to warrant the jury in finding the defendant guilty.

There are other errors assigned by the defendant but they do not possess sufficient merit to warrant a reversal. From an examination of the testimony in this case, and the circumstances surrounding the recovery of the car, and the trial of the defendant in this case, we believe the punishment inflicted is excessive and should be modified from 20 years in the penitentiary to 10 years, and, as modified, the judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.